IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02171-BNB

JAMIL AL-AMIN,

    Plaintiff,

v.

JAMES E. DONALD, Former Commissioner of the Georgia Department of Corrections,
    and
BRIAN OWENS, Current Commissioner of the Georgia Department of Corrections,

    Defendants.

## ORDER TRANSFERRING CASE

    Plaintiff, Jamil Al-Amin, is incarcerated at the United States Penitentiary, Administrative Maximum, in Florence, Colorado. Mr. Al-Amin initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1) asserting constitutional claims challenging his transfer to and the conditions of his confinement at the Florence prison. Mr. Al-Amin named as Defendants in the Prisoner Complaint federal prison officials in Colorado, Kansas, Texas, and Washington, D.C.

    On September 17, 2012, counsel entered its appearances on behalf of Mr. Al-Amin, and on November 1, 2012, counsel filed an Amended Complaint (ECF No. 10). Counsel also has filed Plaintiff's Motion to Transfer to the Northern District of Georgia, With Included Memorandum of Law (ECF No. 11), arguing that venue over Mr. Al-Amin's claims in the Amended Complaint is proper in the United States District Court for the Northern District of Georgia and that this action should be transferred to that court

pursuant to either 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a).  For the reasons discussed below, the Court will transfer this action to the Northern District of Georgia.

Title 28 U.S.C. § 1391 sets forth the rules that govern venue in federal courts.  In general, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

The Prisoner Complaint filed *pro se* by Mr. Al-Amin properly was filed in the District of Colorado.  However, in order to determine whether venue still is appropriate in the District of Colorado, the Court considers only the Amended Complaint because the Amended Complaint supersedes the *pro se* Prisoner Complaint filed by Mr. Al-Amin. *See Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).  In the Amended Complaint, Mr. Al-Amin asserts two claims "limiting this action to claims arising out of the Georgia Department of Corrections' . . . improper transfer of Mr. Al-Amin from the Georgia prison system to the federal prison system."  (ECF No. 11 at 1.)  The claims in the Amended Complaint are asserted against two Defendants who were based in Atlanta, Georgia, and are alleged to be current Georgia residents.  Therefore, because the Defendants in the Amended Complaint are alleged to be residents of Georgia and all of the events

Case 1:12-cv-02171-BNB   Document 12   Filed 11/05/12   USDC Colorado   Page 3 of 4

giving rise to the claims in the Amended Complaint are alleged to have occurred in Atlanta, Georgia, the Court agrees with Plaintiff that venue is appropriate in a federal district court in Georgia and not in the District of Colorado.

"A court may *sua sponte* cure jurisdictional and venue defects by transferring a suit under the federal transfer statutes, 28 U.S.C. §§ 1406(a) and 1631, when it is in the interest of justice." *Trujillo v. Williams*, 465 F.3d 1210, 1222 (10th Cir. 2006).  Pursuant to § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

The Court finds that the claims in the Amended Complaint could have been brought in the United States District Court for the Northern District of Georgia, the judicial district in which Atlanta, Georgia, is located.  *See* 28 U.S.C. § 90(a)(2).  The Court also finds that it would be in the interest of justice to transfer this case to the Northern District of Georgia rather than to dismiss it.  Accordingly, it is

ORDERED that Plaintiff's Motion to Transfer to the Northern District of Georgia, With Included Memorandum of Law (ECF No. 11) is GRANTED.  It is

FURTHER ORDERED that the clerk of the Court transfer this action to the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1406(a).

DATED at Denver, Colorado, this  5th  day of        November       , 2012.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court